IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNEVER LIVINGSTON,** | : | CIVIL NO. 1:15-CV-1850 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **WARDEN LENARD ODDO,** | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed on September 24, 2015, by petitioner Dennever Livingston ("Livingston"), a federal inmate incarcerated at the Allenwood United States Penitentiary ("USP-Allenwood"), in White Deer, Pennsylvania. Livingston claims that his due process rights were violated in the context of a prison disciplinary hearing. (Id. at p. 3). The petition is ripe for disposition and, for the reasons that follow, will be denied.

**I.   Background**

On September 16, 2013, while incarcerated at the Federal Correctional Institution in Otisville, New York, Livingston was charged in Incident Report Number 2493005 with possession of narcotics, in violation of Federal Bureau of Prisons ("BOP") Prohibited Acts Code Section 113. (Doc. 1, p. 2; Doc. 8, Ex. 1, Declaration of Michael S. Romano, BOP Attorney Advisor ("Romano Decl."), ¶ 7). The incident and hearing are described as follows:

> On September 16, 2013, at approximately 5:00pm an officer conducted a pat search of Livingston. During the search the officer found a folded paper in Livingston's back left pants pocket which contained a green leafy substance. The substance was tested revealing a positive reaction for THC. The Officer wrote the incident report at issue in this matter. **See Incident Report No. 2493005**
>
> A copy of the incident report was given to Livingston the same day at 8:00pm. On September 17, 2013, the Unit Discipline Committee ("UDC") referred the matter to the Discipline Hearing Officer ("DHO"). **See Incident Report No. 2493005**
>
> On September 17, 2013, Livingston was provided a copy of his rights at the scheduled discipline hearing and a copy of the notice of the DHO Hearing. **See Inmate Rights at Discipline Hearing; Notice of Discipline before the DHO;**
>
> The DHO conducted a hearing on September 19, 2013. Inmate Livingston appeared before Disciplinary Hearing Officer at which time he admitted to the charge stating "it is true". He waived his right to a staff representative and did not request witnesses.
>
> After review of the evidence, the DHO found that inmate Livingston had committed the offense as initially alleged in the incident report. Id. As a result the DHO issued sanctions that included 27 days loss of good conduct time. **See DHO Report for IR 2493005**

(Id.)

Livingston did not immediately appeal the disciplinary hearing officer's decision. Rather, he waited until April 23, 2015, to file Administrative Remedy No. 819017-R1 with the Regional Office. (Doc. 1, p. 7; Doc. 8, Romano Decl. ¶ 6; Doc. 8, p. 36, Administrative Remedy Generalized Retrieval). On April 28, 2015, Administrative Remedy No. 819017-R1 was rejected as untimely. (Id.)

On August 17, 2015, Livingston appealed the rejection of Administrative Remedy No. 819017-R1 to the BOP Central Office, designated as Administrative Remedy No. 819017-A1. (Doc. 1, pp. 4-5; Doc. 8, Romano Decl. ¶ 6; Doc. 8, p. 38). On August 28, 2015, the BOP Central Office rejected the appeal. (Id.) Livingston was informed that he submitted his request or appeal to the wrong level. (Id.) The Central Office further advised him to provide a staff memorandum explaining why the appeal was untimely, and to resubmit his appeal to the Regional Office. (Id.)

There is no evidence that Livingston resubmitted his appeal to the Regional Office. (Doc. 8, Romano Decl. ¶ 6). Moreover, Livingston acknowledges that he did not file any further appeals. (Doc. 1, p. 2).

The instant petition was filed on September 24, 2015. (Doc. 1). In the petition, Livingston claims that his due process rights were violated during the course of the prison disciplinary hearing. (Id. at p. 3). Livingston maintains that he did not commit the act for which he was charged, and the incident report was falsified. (Id.) For relief, Livingston requests that the court restore his good time credits and expunge the incident report. (Id.)

**II.    Discussion**

Respondent argues that the petition should be denied based on Livingston's failure to comply with the BOP's administrative review process. (Doc. 7, pp. 4-8). Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir.

1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury"); Carling v. Peters, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In general, the BOP's administrative review remedy program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for review of an issue which relates to any aspect of their confinement. (Doc. 8, Romano Decl. ¶ 4, citing 28 C.F.R. §§ 542.10, *et seq.*). With respect to disciplinary hearing decision appeals, a BOP inmate can initiate the first step of the administrative review process by filing a direct written appeal to the BOP's Regional Director (thus bypassing the institutional level of review) within twenty days after receiving the DHO's written report. (Id.) If dissatisfied with the Regional

Director's response, a Central Office Appeal may then be filed with the BOP's Office of General Counsel.  (Id.)  This is the inmate's final available administrative appeal.

In the instant matter, Livingston failed to exhaust the available administrative remedies.  Livingston filed his initial administrative remedy with the Regional Office.  The appeal was rejected as untimely.  Livingston then filed an appeal with the Central Office.  The Central Office rejected his appeal because it was submitted to the wrong level.  Livingston was given an opportunity to explain the untimeliness of his appeal.  However, he failed to provide either an adequate explanation or sufficient proof to excuse the significant filing delay.  Additionally, Livingston acknowledges that he failed to submit any further appeals after the BOP Central Office rejected his appeal. (Doc. 1, p. 2).

Livingston waited more than a year and a half to appeal the decision of the disciplinary hearing officer, well beyond the allotted twenty days.  It is clear that the appeal was patently untimely and, therefore, appropriately rejected.  Because Livingston has not alleged facts that would permit the court to find that exhaustion would have been futile, or that requiring exhaustion would subject him to "irreparable injury," the petition will be denied for failure to exhaust administrative remedies.  To hold otherwise would frustrate the purposes of the exhaustion

doctrine by allowing prisoners to invoke the judicial process despite failing to complete administrative review.

### III.   Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied. An appropriate order will issue.

  /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      December 21, 2015